■ In the Matter of the Claim of P. V. GEUVARA, Respondent. HOTEL SYRACUSE, INC., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board which affirmed a decision of a Referee that claimant, a member of an orchestra which performed for a period of six weeks in the "Persian Terrace" operated in the establishment of the appellant hotel corporation was in its employ and accordingly subjected it to unemployment insurance contributions upon his earnings. The services of the musicians were performed under a so-called Form B union contract which, in part, provided: "The employer shall at all times have complete control over the services of employees under this contract, and the leader shall, as agent of the employer, enforce disciplinary measures for just cause and carry out instructions as to selections and manner of performance." In an attempt to rebut the clear provisions of the contract and to demonstrate what it contended to be the fictional character of the reservation of control in the corporate operator, it relied upon the testimony of one of its executives that it made no attempt to direct the conduct of the orchestra in respect to rest periods and the like, had no right to exercise such supervision and control, assumed no part in the hiring, discharge or payment of its personnel, the selection of the musical pieces to be played or the manner of their performance and made no deductions for income taxes or otherwise from the lump sum paid weekly to the leader of the orchestra for the services performed pursuant to the contract. He conceded that the hotel corporation would have complained to the booking agency through which the engagement was negotiated had the orchestra not provided the particular type of entertainment contracted for or had departed from the performing hours specified in the agreement. That the corporation within the operative provisions of the contract properly could have regulated these phases of a performance by instructions directly conveyed to the leader of the orchestra is obvious. Absent even a hint to the contrary we may not speculate that the musicians would not have complied. In these circumstances the board within the purview of its fact-finding power could find with substantiality the clear terms of the contract which constituted appellant the employer of the musicians, gave it at all times "complete control over the[ir] services" and designated the leader its agent to "enforce disci-

plinary measures for just cause, and carry out instructions as to selections and manner of performance" to be decisive on the issue of the actual relationship of the contracting parties. (*Matter of Basin St.* [*Lubin*], 6 N Y 2d 276; *Matter of Hotel Wagner Corp.* [*Catherwood*], 11 A D 2d 568; *Matter of American Legion* [*Catherwood*], 10 A D 2d 400.) Decision unanimously affirmed, with one bill of costs to be apportioned equally between respondents. Present — Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.